**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KEITH ASHLOCK,
ADC #142034                                                                                           PLAINTIFF

V.                              5:12CV00316 KGB/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Keith Ashlock, is a prisoner at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights. Pursuant to the screening

function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

On April 1, 2011, the Arkansas Parole Board alleged granted Plaintiff parole. *See* docket entry #1. Plaintiff contends that Defendants have violated his constitutional rights by failing to release him or transfer him to the Department of Community Corrections ("DCC") to prepare for his release on parole. *Id.* Plaintiff also alleges that he is bringing this "class action" on behalf of himself and all other ADC inmates who are waiting to be released on parole or transferred to the DCC, pursuant to favorable decision by the Arkansas Parole Board. *Id.* By way of relief, he seeks immediate release and monetary damages. *Id.*

Plaintiff's claims fail, as a matter of law, for two reasons. First, it is well settled that Arkansas prisoners do not have a constitutional right to being released on parole.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011); *Hamilton v. Brownlee,* Case No. 06-2304, 2007 WL 1655681 (8th Cir. June 8, 2007) (unpublished opinion); *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir. 1990).

Second, even if Plaintiff had a constitutional right to parole, his remedy would be to file a § 2254 habeas action *after* he fully and properly exhausted all available state remedies. *See* 28 U.S.C. § 2254; *Prieser v. Rodriguez,* 411 U.S. 475, 489 (1973). Only *after* successfully obtaining such relief could Plaintiff properly file a § 1983 action for damages. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Deloria v. Lightenberg,* Case No. 10-2358, 2010 WL 4340968 (8th Cir. Nov. 4, 2010) (unpublished opinion).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this  24th  day of August, 2012.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE